‎AO 91 (REV.5/85) Criminal Complaint          AUSA EDMOND E. CHANG (312) 886-1000

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

V.

ROBERT HUDSON

**FILED**
JAN 1_ 2001
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

MAGISTRATE JUDGE KEYS

CRIMINAL COMPLAINT

CASE NUMBER: **01CR0043**

I, Carissima Cragg, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about January 12, 2000 to on or about January 12, 2001, in Cook County, in the Northern District of Illinois, defendant did,

being a Postal Service officer and employee, unlawfully secreted, destroyed, detained, delayed, and opened letters and mail, namely, First Class mail and bulk rate mail and periodicals, which had been entrusted to him and had come into his possession intended to be conveyed by mail,

in violation of Title 18 United States Code, Section(s) 1703(a).

I further state that I am a(n) Inspector, U.S. Postal Service and that this complaint is based on the following facts:

    See attached affidavit.

Continued on the attached sheet and made a part hereof: X Yes ___ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

January 18, 2001          at    Chicago, Illinois
Date                                                  City and State

ARLANDER KEYS, U.S. Magistrate Judge     _____
Name & Title of Judicial Officer                   Signature of Judicial Officer

DOCKETED JAN 23 2001

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

## AFFIDAVIT

I, Carissima Anne Cragg, being duly sworn, deposes and states:

1. I am a Postal Inspector employed by the United States Postal Inspection Service. I have been employed as a Postal Inspector for five years. The information contained in this Affidavit is based on my personal experience and observations, and the experience and observations of other law enforcement officers. This Affidavit is submitted for the limited purpose of establishing probable cause in support of the Complaint, and does not contain all of the facts known by me in regard to the individual and events described herein.

2. Defendant ROBERT HUDSON is a Letter Carrier at the Des Plaines Post Office in Illinois, and began working there on or around September 3, 1994. As a Letter Carrier, the defendant's duties are primarily to sort United States mail inside the Post Office and deliver mail on assigned routes in Des Plaines, Illinois.

3. On January 12, 2001, I was contacted by the Des Plaines, Illinois Police Department regarding the discovery of United States mail in an illegally parked van in the public alley adjoining a single family residence at 1415 E. Walnut Street in Des Plaines, Illinois 60018. Vehicle registration records showed the owner of the van to be Robert Hudson. I went to the location of the illegally parked vehicle and observed, in plain view, one United States Postal Service half letter tray in what appeared to be bundles of United States mail. The location of this tray was on the front seat of the van.

4. On January 12, 2001, I spoke with the defendant at the Des Plaines Post Office. I first advised the defendant of his Miranda rights. The defendant also signed the Warning and Waiver portions of the form.

5. The defendant stated that he owned the vehicle parked in the alley behind his residence and that he used this vehicle to store United States mail that did not belong to him. The defendant further admitted that there was mail in his garage and also in his residence at 1415 E. Walnut Street in Des Plaines. The defendant consented to a search of his vehicles, garage, and house.

6. Postal Inspectors searched the defendant's personal automobile, which was parked across the street from the Des Plaines Post Office. The trunk of the vehicle contained eight pieces of undelivered United States mail not addressed to the defendant.

7. A search was then conducted of the van illegally parked in the public alley behind the defendant's residence. The van contained 33 pieces of undelivered First Class mail and 1,323 pieces of undelivered bulk rate mail and periodicals, all of which were not addressed to the defendant.

8. A search was then conducted of the attached garage at 1415 E. Walnut Street. Inside this garage, stacked along the wall, were fifteen 21-gallon covered storage tubs containing undelivered United States mail addressed to residents of Des Plaines and not to the defendant. A count of this mail determined that the tubs contained 1,127 pieces of undelivered First Class mail and 11,999 pieces of undelivered bulk rate mail and periodicals. In addition, inside the garage were four Postal Service tubs containing 584 pieces of undelivered First Class mail and 1,381 pieces of bulk rate mail and periodicals, all of which were not addressed to the defendant.

9. Inside the defendant's residence at 1415 E. Walnut, the defendant's bedroom contained three pieces of undelivered First Class mail and 48 pieces of undelivered bulk rate mail and periodicals, some of which had been opened. A search of the defendant's kitchen revealed 3 black trash bags containing 277 pieces of undelivered First Class mail and 594 pieces of undelivered bulk rate mail and periodicals co-mingled with household trash. The defendant's living room contained 101 pieces of undelivered bulk rate mail and periodicals. None of the undelivered mail in the defendant's residence was addressed to the defendant.

10. The defendant further gave oral consent to search his locker at the Des Plaines Post Office. The defendant's locker contained 10 pieces of undelivered bulk rate mail addressed to various residents of Des Plaines and not to the defendant.

11. In his confession, the defendant further estimated that he had not been delivering all of the mail given to him at the Des Plaines Post Office for about one year. The defendant admitted that he had been storing this undelivered mail at his residence in various locations. The defendant stated that his reason for taking the mail to his residence and not delivering it was to save time while doing his job.

12. The total amount of mail recovered was 2,023 pieces of undelivered First Class mail, and 15,464 pieces of undelivered bulk rate and periodicals, totaling 17,487 pieces of undelivered United States mail.

13. Based on the foregoing, there is probable cause to believe that Defendant ROBERT HUDSON, being a Postal Service officer and employee, unlawfully secreted, destroyed, detained, delayed, and opened letters and mail, namely, First Class mail and bulk rate mail and periodicals, which had been entrusted to him and had come into his possession intended to be conveyed by mail, in violation of 18 U.S.C. § 1703(a).

FURTHER AFFIANT SAYETH NOT.

_____
CARISSIMA ANNE CRAGG
Postal Inspector
Postal Inspection Service

SUBSCRIBED AND SWORN TO before me
this __18th__ day of January 2001.

_____
ARLANDER KEYS
United States Magistrate Judge